Totten J.,
delivered the opinion of the court.
Motion before a justice for the non-return of an execution.
An execution was issued by a justice of Bedford in favor of William Wood vs. L. W. True and others, for $495, July 9, 1853, and came to Minos Cannon, a constable of said county, to be executed. He failed to make due return of the execution; and thereon, the creditor, Wood, moved for judgment against said constable and his sureties, before the justice who issued the execution. The justice, rendered judgment against the constable and his sureties for the amount of the execution. The defendants appealed to the circuit court, where the judgment was affirmed, and then they appealed in error to this court.
The execution, was founded on a judgment by motion rendered by said justice as follows:
“It appearing to me that judgment was entered against Wm. Wood, as surety for John P. Dromgoole, L. W. True, &c., in favor of Thomas Coy for $495 and cost, and that said William Wood has paid the same: It is therefore considered,” &c.
The ease turns upon the validity of the judgment on which tíre execution issued.
*182 The judgment by motion must assume the ease, that is, must state all the facts which constitute the case provided for by the statute that gives the motion. It will also be strictly construed, because the proceeding is summary and extrinsic in its nature; and because a judgment without notice is a violation of principle, and not to be favored. This has ever been the settled doctrine of the court in such oases.
The remedy by motion in cases like the present, is given by the acts 1801, ch. 15. 1809, ch. 69. 1850,, ch. 219, and 1854, ch. 52, § 1, the last two acts extending the jurisdiction of justices of the peace in certain cases.
Now, the judgment is defective in several respects. It does not appear on its face in what forum the judgment against said Wood, as surety, was rendered.
We cannot see that it was rendered by a court of competent jurisdiction, so as to -be a valid judgment: nor indeed, that it was rendered as required by the act of 1801, ch. 15, by any “judicature in this State."
Nor does it appear that the judgment against said Wood was rendered on a “note, bill, bond or obligation,” in which he is liable only _ as surety. It simply states that judgment was entered against him- as surety, but the nature of the demand, or how it appears that he is surety is not stated.
We further observe, that .if it does not appear oh the face of the note, bill, bond or obligation, that the party is a surety and not a principal, ■ a jury must “ ascertain the fact” before a judgment by motion can be rendered; act 1809, ch. 69. This wise and conserva-.tive provision is necessary to prevent abuse and injury^, *183 because, prima facie, the parties to a note, &c., are ail principals; and. this presumption can only he removed by satisfactory proof to the contrary.
Row, as a justice has no jury to ascertain the fact in question, it is not competent for him to render the judgment by motion, except where the suretyship appears on the “face of the note, bill, bond, .or obligation.” In such case, there is written evidence of the fact, that the one party is principal and the other surety: but in the absence of such evidence, the case must be submitted to a jury. If, then the judgment in question was rendered- by a justice of the peace, it was not valid unless it appeared on the face of the note, bill, bond or obligation, that the parties were in the nature of principal and surety. And the fact should be stated in the justice’s judgment, so that his jurisdiction may appear.
Eor a judgment by motion must be perfect in itself, and cannot be aided by extrinsic proof; as that would be in effect, to try the case de novo, after it had been finally adjudged. It must be tested by the facts, which appear on its face.
It is argued, that though the judgment be defective, it is not void, but only voidable, at the instance of the party against whom it is rendered.
This principle can only apply in the ordinary proceeding where the party has notice to appear and defend the suit. Then, where the court has jurisdiction of the subject and party, if he do not object to the error and cause it to be corrected, he is presumed to waive it, and the erroneous judgment will remain in force and effect, and give validity to an execution and *184 sale under it. No one else can object or insist upon the error.
But in the summary ex parte proceeding, where the defendant has no day in court to make defence, no such presumption can arise: and therefore the onus must rest on the plaintiff to malee out Ms ease in every material point, and cause it to be adjudged in his favor. This must appear in the judgment he obtains, otherwise we are to presume that the case was defective in respect to the material faets omitted. The ex parte proceeding, being without notice, is at the peril of him who instituted it, and if it be defective in a matter material, it is not merely' voidable, but void.
It may be proper to observe, that the motion against delinquent officers, being a substitute for the attachment for contempt at common law, forms an exception to the strietness of the rule we have stated, and such motion is liberally construed in favor of the remedy, upon the ground of policy and necessity. Cook vs. Smith, 1 Yer. R., 148.
Now, as to the motion against the officer, it may be formal and regular, but the objection goes to the judgment on which the execution issued. And that being void, as we have seen, the plaintiff therein can have no right to enforce it, and can have no right to a motion against' the officer, for failing to enforce it by execution. The execution and any remedy upon it in such case must stand or fall with the judgment.
The judgment will be reversed, and the motion be dismissed.
McKinney, J".,
was of opinion that the officer could not be heard to object to the judgment of the justice;. *185 as the objection to the judgment was merely a matter of error, not going to the jurisdiction of the justice. Consequently, the execution would have been a sufficient justification to the officer.